WATSON *v.* WATSON.

1. DIVORCE—FINDINGS OF TRIAL JUDGE—CONDONATION.
   Supreme Court is governed considerably by conclusions of trial judge relative to whether or not defendant's conduct, condoned by plaintiff, was not revived by acts of cruelty since the reconciliation.

2. SAME—EXTREME CRUELTY—CONDONATION.
   In suit for divorce on ground of extreme cruelty, evidence supported finding of trial court that conduct of husband since condonation by wife failed to revive cause for divorce.

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 5, 1939. (Docket No. 48, Calendar No. 40,557.) Decided December 20, 1939.

Bill by Laretha E. Watson against Fred G. Watson for an absolute divorce on ground of extreme cruelty. Bill dismissed. Plaintiff appeals. Affirmed.

*Jarrett N. Clark,* for plaintiff.

*Diekema, Cross & Ten Cate,* for defendant.

BUSHNELL, J. Plaintiff seeks a reversal of a decree dismissing her bill of complaint and says the court erred in holding that defendant's conduct, condoned by her, was not revived by acts of cruelty since the reconciliation so as to warrant a decree of divorce.

The parties were married a number of years ago, and have three children, two of whom are under the age of 16. Plaintiff's bill of complaint, filed on October 17, 1938, recites facts in support of allegations of physical violence and other acts of extreme cruelty by defendant. His answer alleges condonation of these offenses prior to a resumption of marital relations in February of 1938, and denies subsequent acts of cruelty. Much of the difficulty between the parties arose out of inability to control their eldest son.

Upon cross-examination, plaintiff admitted the condonation and resumption of marital relations as alleged in the answer and that defendant has not visited any physical violence upon her since that time. She also testified that defendant has continued to furnish the family with the comforts and necessities of life.

Defendant is a motor truck driver and his occupation requires him to be away from home at various intervals. He admitted prior offenses and that he is addicted to the use of profanity, but promised the court that he would live as he should, "even to eliminate swearing." We refrain from discussion of other portions of the testimony, a recital of which will benefit no one.

We are impressed, as was the circuit judge, with the importance of maintaining the family ties of the parties, and see no reason why the small amount of property they have been able to accumulate during their married life should be divided. We realize our inability to see the entire situation through the eyes of the trial judge and are governed considerably by his conclusions. The testimony as to the circumstances accompanying the condonation is not so positive that we can disagree with the findings con-

tained in the opinion filed by the trial judge, a part of which we quote:

"Since their resumption of the marriage relation a year ago, nothing has occurred sufficient to warrant the court in separating these parties and practically destroying the fruits of their labor for many years. Defendant is willing to do what he can to make amends, and does not want a divorce. Plaintiff seems to be a good woman, and no doubt will understand that everything considered, it is best they return and rebuild their home together.

"Perhaps it was well that these parties came into court and testified regarding all of the matters of which they complained, as no doubt they now realize that their causes for complaint are not very strong."

The decree dismissing plaintiff's bill of complaint is affirmed, but without costs.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.